```
JEFFER, MANGELS, BUTLER & MARMARO LLP
JAMES WESLEY KINNEAR (Bar No. 124771); JWK@jmbm.com
CARLA MENINSKY (Bar No. 233470); CXM@jmbm.com
WALTER W. GOULDSBURY III (Bar No. 240230); WWG@JMBM.COM
Two Embarcadero Center, Fifth Floor
San Francisco, California 94111-3824
Telephone:   (415) 398-8080
Facsimile:   (415) 398-5584
```

Attorney for Plaintiff RED HEAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RED HEAD, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>FRESNO ROCK TACO, LLC, a California limited liability company, and DOES 1-10,<br><br>Defendants. | CASE NO.   CV08-5703 EMC<br><br>**STIPULATED JUDGMENT AND PERMANENT INJUNCTION**<br><br>Date:<br>Time:<br>Dept:   C, 15th Floor<br>Judge:   Edward M. Chen |

      This matter having come before the Court on the stipulation of Plaintiff Red Head, Inc. ("RHI" or "Plaintiff") and Defendant Fresno Rock Taco, LLC ("Rock Taco" or "Defendant") for a stipulated judgment and permanent injunction, and Plaintiff and Defendant having stipulated to the following facts and consent judgment, the Court finds:

      1.    This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1114 and §1121 and 28 U.S.C. §§ 1331, 1338, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367.

      2.    Defendants have consented to the jurisdiction of this Court, and this Court has personal jurisdiction over the parties. Venue is proper.

      3.    Plaintiff is the licensor of the Cabo Wabo trademarks and trade dress for use

in connection with restaurant, bar, night club services, and associated retail merchandise including but not limited to those set forth in Exhibit A. Plaintiff is also the licensor of the Sammy Hagar name, image and likeness for use in connection with restaurant, bar, night club services, and associated retail merchandise. Plaintiff developed the trademarks, trade dress and other valuable intellectual property associated with Sammy Hagar and the Cabo Wabo brand (collectively the "Intellectual Property").

4. Plaintiff has continuously and pervasively used the Intellectual Property in connection with goods and services since their respective dates of first use.

5. Plaintiff has expended great amounts of time, labor and money in the promotion of the Intellectual Property. As a result, Plaintiff's Intellectual Property has been widely identified in the minds of the consuming public as designating Plaintiff's high level of quality. Plaintiff's Intellectual Property is inherently distinctive and has acquired secondary meaning in that it is associated by the public with Plaintiff and Plaintiff's goods and services.

6. As a result of its extensive promotional efforts, Plaintiff and the Intellectual Property enjoy extensive goodwill and consumer recognition and the Intellectual Property has become famous in the minds of the consuming public.

7. On or about December 7, 2006, RHI licensed certain Intellectual Property to Defendant, pursuant to a License Agreement ("License Agreement"), for use as a Fresno Cabo Wabo Cantina to be developed, owned, operated and managed by Defendant in the Granite Park development of Fresno, California ("Premises"); the Intellectual Property included the following:

A. Certain Cabo Wabo trademarks, which are federally registered trademarks. The marks are valid and incontestable under the Lanham Act, 15 U.S.C. § 1065.

B. The Cabo Wabo distinctive trade dress, which includes among other things a restaurant in the style of a beach cantina, part of which is built to resemble a lighthouse. The interior and exterior of the restaurant is adorned with Sammy Hagar images and memorabilia. The Cabo Wabo trade dress is inherently distinctive or had acquired secondary meaning prior to the execution of the License Agreement.

C. Cabo Wabo common law trademark rights to the words, images and trade

2

dress that RHI has diligently sought to protect as part of the Cabo Wabo brand. The Cabo Wabo common law trademarks are inherently distinctive or had acquired secondary meaning prior to the execution of the License Agreement.

8. On November 14, 2008, RHI terminated the License Agreement and on December 22, 2008, Plaintiff filed a complaint in the United States District Court for the Northern District of California entitled *Red Head, Inc. v. Fresno Rock Taco, LLC*, Case No. CV03-5703 EMC ("Complaint"), which contained claims for trademark infringement; false designation of origin, unfair competition and false advertising; false endorsement or association and false designation of origin; California trademark infringement and dilution; breach of contract; unfair competition; false advertising; and right to publicity.

9. On December 22, 2008, RHI filed an ex parte application for a temporary restraining order seeking (a) to enjoin Defendant from any further use of the Intellectual Property, including the Cabo Wabo marks, trade dress and Sammy Hagar's name and likeness and (b) a writ of attachment and right to attach order on Defendant's funds from its operation of the Fresno Cabo Wabo Cantina. The TRO was granted by Chief Judge Walker on December 24, 2008.

10. On January 5, 2009, this Court issued an order granting in part and denying in part Plaintiff's motions for preliminary injunction and for writ of attachment.

11. Defendant has not yet responded to the Complaint and has denied all allegations of wrongdoing or liability.

12. Plaintiff and Defendant now desire to settle any and all claims, controversies, demands, actions, or causes of action they had, have or may have against each other arising out of the events referred to and involved in the Complaint. Therefore, the parties have entered into a Confidential Settlement Agreement, and have stipulated and consented to the entry of this Stipulated Judgment and Permanent Injunction. Entry of this Stipulated Judgment and Permanent Injunction shall not extinguish the parties' rights and obligations under the Confidential Settlement Agreement.

THEREFORE, IT IS ORDERED that Defendant, and all of its members, owners, partners, employees, officers, directors, trustees, trust beneficiaries, representatives, agents,

attorneys, administrators, executors, assigns, predecessors and successors-in-interest, all those acting in concert or privity with them including but not limited to any subsequent tenant, owner, operator, occupant, predecessors, successors-in-interest of the Premises who receives actual notice of this order are permanently restrained and enjoined from:

  A. Publicly displaying any of RHI's Intellectual Property, including without limitation the Cabo Wabo trademarks and trade dress and the name, image and likeness of Sammy Hagar, or any other name, trade name, trademark, and/or services mark similar thereto, in connection with any goods or services, stationary, business cards, invoices, statements, forms, receipts, packaging, marketing, promotion, display, advertising, listings, websites, computer screens, computer programs, computer applications, signage, offering for sale, sale, distributing, and/or manufacturing of any and all products and services;

  B. Publicly displaying any trademark or trade dress that imitates or is confusingly similar to RHI's Intellectual Property, or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Defendant's goods and services or their connection to RHI;

  C. Selling, offering for sale, distributing, manufacturing, promoting, advertising, publicizing, producing, or sponsoring any products or services under any mark, name, symbol, domain name, packaging or logo that incorporates or is confusingly similar to Plaintiff's Intellectual Property;

  D. Representing or implying that Defendant or any of its products or activities are in any way sponsored by, affiliated with, associated with, or endorsed or licensed by Plaintiff; and/or

  E. Making any other unauthorized use of the Intellectual Property.

IT IS FURTHER ORDERED that Defendant must destroy, remove or completely remodel all of the following from the Premises prior to any use or the opening to the public of the Memphis Blues Barrel Room, or its predecessor, in the Granite Park development: (a) The exterior lighthouse and interior lighthouse must be destroyed or at least remodeled so that the top portion, which replicates the catwalk and light, is completely removed; (b) The CABO WABO (& Design)

1. mark must be completely removed or destroyed (not simply covered up or painted over) from both the interior entrance floor area and the stage floor; and (c) the lighthouse carve outs inside the Premises must be destroyed or remodeled so that they do not resemble the top of the lighthouse.

    IT IS FURTHER ORDERED that violation of this Stipulated Judgment and Permanent Injunction shall constitute contempt of this Court and shall subject Defendant to (a) a judgment against Defendant in favor of Plaintiff, (b) Plaintiff's reasonable costs and attorney's fees in bringing a contempt motion, and (c) such other relief as this Court may deem just and proper.

    IT IS FURTHER ORDERED that this Court's January 5, 2009 order granting in part and denying in part Plaintiff's motions for preliminary injunction and for writ of attachment is vacated;

    IT IS FURTHER ORDERED that this Court shall retain continuing jurisdiction to enforce the terms of this Stipulated Judgment and Permanent Injunction;

    IT IS FURTHER ORDERED that upon notice of entry hereof, this Stipulated Judgment and Permanent Injunction shall become final; and

    IT IS FURTHER ORDERED that each party shall bear its own costs and expenses.

SO ORDERED

Dated: _____

_____
U.S.

*IT IS SO ORDERED*
*Judge Edward M. Chen*
*UNITED STATES DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

Approved as to Form and Content:

**RED HEAD, INC.**


By: _____    Date: _____
    Sammy Hagar

**FRESNO ROCK TACO LLC**

5

1  mark must be completely removed or destroyed (not simply covered up or painted over) from both
2  the interior entrance floor area and the stage floor; and (c) the lighthouse carve outs inside the
3  Premises must be destroyed or remodeled so that they do not resemble the top of the lighthouse.
4        IT IS FURTHER ORDERED that violation of this Stipulated Judgment and
5  Permanent Injunction shall constitute contempt of this Court and shall subject Defendant to (a) a
6  judgment against Defendant in favor of Plaintiff, (b) Plaintiff's reasonable costs and attorney's fees
7  in bringing a contempt motion, and (c) such other relief as this Court may deem just and proper.
8        IT IS FURTHER ORDERED that this Court's January 5, 2009 order granting in part and
9  denying in part Plaintiff's motions for preliminary injunction and for writ of attachment is vacated;
10       IT IS FURTHER ORDERED that this Court shall retain continuing jurisdiction to enforce
11 the terms of this Stipulated Judgment and Permanent Injunction;
12       IT IS FURTHER ORDERED that upon notice of entry hereof, this Stipulated Judgment and
13 Permanent Injunction shall become final; and
14       IT IS FURTHER ORDERED that each party shall bear its own costs and expenses.
15 SO ORDERED
16 Dated:

19 _____
   U.S. District Judge
20

22 Approved as to Form and Content:
23 RED HEAD, INC.
24
25 By: _____  Date: 3-19-09
26     Sammy Hagar
27
28 FRESNO ROCK TACO LLC

5

By: _____ Date: 3/18/09
Milton Barbis

**JEFFER, MANGELS, BUTLER & MARMARO LLP**

By: _____ Date: 3/18/09
JAMES WESLEY KINNEAR
Attorney for Plaintiff
*Red Head Inc.*

**SAGASER, JONES & HELSLEY**

By: _____ Date: 3/18/09
Scott D. Laird
Attorney for Defendant
*Fresno Rock Taco, LLC*

6